UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, as subrogee of
Kevin Adell and Adell Properties, LLC

    Plaintiff,

v.                                       Case No: 2:18-cv-153-FtM-99CM

CLASSIC YACHT SERVICE, INC.,
DAN B. HOUSE and JUBILEE
SERVICES, LLC,

    Defendants.

## ORDER

This matter comes before the Court upon review of the Motion to Enter a Default Against Defendant, Dan B. House filed on July 25, 2018. Doc. 34. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA, as subrogee, seeks an entry of Clerk's default under Rule 55(a) of the Federal Rules of Civil Procedure against Mr. House for failure to defend. *Id.* For the reasons stated below, the motion will be granted.

On May 29, 2018, Plaintiff filed an unopposed motion to amend the Amended Complaint to drop "Dan M. House" as a party and substitute "Dan B. House" in his place, which the Court granted. *See* Docs. 25, 26, 27. Summons were issued as to the appropriate Mr. House on June 4, 2018, and on June 27, 2018, Plaintiff filed an Affidavit of Service demonstrating service had been effected on Mr. House. *See* Docs. 28, 31. On July 23, 2018, the Court entered an Order to Show Case directing

Plaintiff to show cause for failure to prosecute as to Mr. House. Doc. 32. Plaintiff responded to the Court's Order to Show Cause and contemporaneously filed the present motion seeking an entry of Clerk's default against Mr. House pursuant to Rule 55(a). Docs. 33, 34.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P[.]

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *See United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

An individual may be served by delivering a copy of the summons and complaint to the individual personally, or at the individual's usual place of abode with a co-resident who is at least 15 years old. Fed. R. Civ. P. 4(e)(2)(A)-(B); Fla. Stat. § 48.031(1)(a). Here, the Affidavit of Service states a process server from JB Florida Process Service served a true copy of the Summons and Second Amended Complaint upon Mr. House at 8850 SW 134th Avenue, Dunnellon, FL 34432. *See* Doc. 31. Service of process therefore appears properly effected under Rule 4(e) and Fla. Stat. § 48.031(1)(a).

Under Rule 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Here, Mr. House has failed to do so within the time period. Therefore, the entry of Clerk's Default pursuant to Rule 55(a) and Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is

**ORDERED:**

1. Motion to Enter a Default Against Defendant, Dan B. House (Doc. 34) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's Default against Defendant Dan B. House.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of August, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record