UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, as subrogee of
Kevin Adell and Adell Properties, LLC

    Plaintiff,

v.                                              Case No: 2:18-cv-153-FtM-99CM

CLASSIC YACHT SERVICE, INC.,
DAN B. HOUSE and JUBILEE
SERVICES, LLC,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Dan B. House's ("House") Verified Motion to Set Aside Order Directing Entry of Default filed on August 10, 2018. Doc. 38. Plaintiff filed a response in opposition on August 14, 2018. Doc. 40. For the reasons stated below, the motion is granted.

Plaintiff filed its Second Amended Complaint on May 30, 2018 alleging admiralty and maritime claims against Defendants for negligence, breach of warranty and breach of contract. Doc. 27. Plaintiff filed its Motion to Enter a Default Against Defendant, Dan B. House on July 25, 2018. Doc. 34. On August 8, 2018, the Court granted Plaintiff's motion for entry of Clerk's default and directed the Clerk to enter a default against House. Doc. 36. The Clerk entered the default on August 9, 2018. Doc. 37. House now moves to set aside the Clerk's default, explaining that upon service of the Summons and Complaint in June 2018, he

mistakenly believed counsel for Defendant Jubilee Services, LLC ("Jubilee") would be representing him in the case. Doc. 38 at 1. House states on August 1, 2018 Jubilee's counsel advised House that he was not representing him, and House then promptly retained counsel and filed the present motion. *Id.*

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Not susceptible to a precise definition or formula, the Eleventh Circuit has labeled "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation. *See Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Nevertheless, "the standard must be construed to have substance." *Perez*, 774 F. 3d at 1337 n.7. Courts generally evaluate various factors, such as: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7. If circumstances warrant, courts also examine other factors, "including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted). The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez,* 774 F. 3d at 1342; *see also*

*Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)).

Here, based on the representations of House and his counsel, the Court finds good cause to set aside the Clerk's Entry of Default (Doc. 37). House's default was not willful, and House acted promptly to set aside the Clerk's Default once he became aware that he was currently unrepresented and needed to act to preserve his rights. *See* Doc. 38. House also has meritorious defenses to Plaintiff's claims. *Id.* at 3. Finally, because House acted promptly and the case is set for a trial term in October 2019, setting aside the Clerk's Default will not prejudice Plaintiff.

ACCORDINGLY, it is

**ORDERED:**

1. Defendant Dan B. House's Verified Motion to Set Aside Order Directing Entry of Default (Doc. 38) is **GRANTED**.

2. Clerk's Entry of Default (Doc. 37) entered on August 9, 2018 is **VACATED** and **SET ASIDE**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of August, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record