UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, as subrogee
of Kevin Adell and Adell
Properties, LLC,

    Plaintiff,

v.                           Case No: 2:18-cv-153-FtM-99UAM

CLASSIC YACHT SERVICE, INC.,
a Florida corporation and
JUBILEE SERVICES, LLC, a
Florida limited liability
company, as successor in
interest to Dan House
Electric, Inc.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of the parties' Cross Motions for Summary Judgment (Docs. ##58, 65.) In support of its Response and Cross Motion (Doc. #65), plaintiff submitted the Sworn Declaration of attorney Alvaro L. Mejer pursuant to Federal Rule of Civil Procedure 56(d), stating that certain facts in opposition to defendant Jubilee Services, LLC's (Jubilee) Motion for Summary Judgment could not yet be presented because a Motion for Sanctions was pending against Jubilee as a result of

Jubilee's willful failure to obey the Court's previous Order granting a Motion to Compel.[1]  (Doc. #68.)

On April 11, 2019, the Magistrate Judge agreed that Jubilee had failed to sufficiently respond to plaintiff's discovery requests but declined to award sanctions.  (Doc. #72.)  The Magistrate Judge reopened discovery for limited purposes and allowed Jubilee until April 19, 2019 to amend its discovery responses.  (Id.)  Plaintiff filed a Renewed Motion for Sanctions (Doc. #74) on April 20, 2019, arguing that Jubilee continued to fail its discovery obligations.

**I.**

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit that "it cannot present essential facts to justify its opposition."  Fed. R. Civ. P. 56(d).  However, the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule.  Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988).  The party opposing the motion for summary judgment bears the burden of alerting the Court to any outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures."  Id. (citation omitted).

---

[1] Notably, Jubilee's Motion for Summary Judgment (Doc. #58) was filed before the discovery deadline.  (Doc. #24.)

Rule 56 requires adequate time for discovery prior to entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if he may furnish opposing affidavits. Snook, 859 F.2d at 870. The Eleventh Circuit has cautioned that "summary judgment may only be decided upon an adequate record." Id. See also Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.").

## II.

Here, it is clear that discovery is ongoing, and plaintiff submits that it has not had sufficient time to obtain all discovery prior to summary judgment. Further, there are allegations that Jubilee has failed to cooperate in discovery, and a renewed Motion for Sanctions has been filed. Thus, because the Court finds that it is in the interests of judicial economy for dispositive motions to be filed after the conclusion of discovery, the Court will deny the Motions for Summary Judgment without prejudice to be refiled after the conclusion of reopened discovery. The Court will keep

the remaining deadlines in place at this time which the parties may move to extend, if appropriate.

Accordingly, it is hereby

**ORDERED:**

Defendant Jubilee Services, LLC's Motion for Summary Judgment (Doc. #58) and Plaintiff's Cross Motion for Summary Judgment (Doc. #65) are **denied without prejudice**.

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record